IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LAMARCUS THOMAS, | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | CASE NO: 5:13-CV-108-MTT-CHW |
| | : | |
| Warden CARL HUMPHREY, et. al., | : | |
| | : | |
| Defendants. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |

**ORDER & RECOMMENDATION**

Plaintiff Lamarcus Thomas, a state prisoner currently confined at the Georgia Diagnostic and Classification Prison, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and has been granted leave to proceed without pre-payment of the filing fee. However, the filing fee was not waived; Plaintiff is still obligated to pay the full fee as directed herein. For this reason, the Clerk shall send a copy of this Order to the warden and business manager of the Georgia Diagnostic and Classification Prison in Jackson, Georgia.

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is also required to conduct a preliminary screening of his complaint. 28 U.S.C. § 1915A(a). In this case, however, Plaintiff has filed five complaints (ECF No. 1, 10, 13, 18 & 20). Having now reviewed all of these documents, the undersigned has determined that Plaintiff's second Amended Complaint and Supplement (ECF No. 13) most fully explain his claims and the grounds therefore. It is unclear why Plaintiff filed two subsequent amended complaints (ECF No. 18 & 20), as these documents are almost identical and contain cursory allegations of the same claims more fully described in his prior Complaint and Supplement.

Under the Federal Rules of Evidence, a plaintiff may amend his pleading **once** as a matter of course. See Fed. R. Civ. P. 15(a)(1). Under this rule, Plaintiff's first Amended Complaint (ECF No. 10) was properly filed. Plaintiff's second Complaint and Supplement were also properly filed in response to this Court's Order (ECF No. 6) to file a supplement. Plaintiff's third and fourth complaints were not properly filed, however. The Federal Rules provide that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Neither requirement was met when Plaintiff filed his third and fourth amended complaints. Plaintiff did not obtain leave from the Court prior to filing, and Defendants did not consent to the filings; they have not yet been served in this case.

For this reason, the undersigned has conducted the required preliminary review of Plaintiff's second Amended Complaint and Supplement (ECF No. 13) and will allow Plaintiff's denial of medical care claims against Nurse Gore, Doctor Burnside, and Warden Humphrey to go forward. It is **RECOMMENDED**, however, that all other claims and Defendants be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §1915A, for failure to state a claim.

The undersigned further finds that Plaintiff's various other "notices" and "petitions of notification" (ECF No. 7, 11, 13, 15, 16 & 17) are frivolous and/or moot. Plaintiff is nonetheless advised: (1) that the named defendants have likely not responded to Plaintiff's correspondence because they have not yet been served in this case; (2) that the Court appears to have received all the filings submitted by Plaintiff and there is no evidence that Defendants are interfering with Plaintiff's outgoing mail; and (3) that copies of Plaintiff's exhibits or "evidence" have been scanned and filed in the Court's electronic filing system and the paper copies will be retained for limited time. Because Plaintiff is proceeding *in forma pauperis*, the Court will serve Defendants, as provided in this Order; therefore, the Motion for Extension of Time to Serve Defendants (ECF

No. 17) is **DENIED** as moot.

## STANDARD FOR PRELIMINARY REVIEW

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a district court may still dismiss a prisoner complaint after the initial review if it finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); see also 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding in forma pauperis).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." Id. In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. Id. "[T]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in § 1915A "shall" be dismissed).

## PRELIMINARY REVIEW OF PLAINTIFF'S CLAIMS

The present action arises out of a "slip-and-fall" accident at the Georgia Diagnostic and Classification Prison. Plaintiff was apparently being escorted from the shower by Officers Peterson and Hill when he stepped in a puddle of standing water, slipped, and fell. Plaintiff, unable to brace himself for the fall, hit the back of his head on the floor and claims to have since suffered "chronic pain" in his lower back, leg, and hip. Plaintiff was taken for medical treatment after the fall and seen by Nurse Merry Gore. Nurse Gore apparently examined Plaintiff but allegedly refused to provide him with pain medication. Plaintiff later filed a grievance about the shower condition. Warden Humphrey denied Plaintiff's grievance, stating that there was "no evidence of [his] fall being the fault of the facility" and that "according to maintenance inmates must dry off before exiting to lower the amount of water left in from the shower." (Exhibit, Original Complaint at p. 16).

Plaintiff has now filed this action naming Officer Peterson, Officer Hill, Nurse Gore, Doctor Burnside, Warden Humphrey, and maintenance worker "_____ Young" as defendants. Plaintiff asserts two types of claims, one based on his slip and fall and the other for denial of medical care.

A. Slip & Fall Claims

Plaintiff's "statement of claim" (ECF No. 13-1) against Peterson and Hill alleges that the officers were "deliberately indifferent" to the unsafe condition caused by the standing water outside the showers. The officers allegedly violated an internal "hands on" policy that requires officers to have "a physical hold on each inmate while being escorted" into and out of the showers. Plaintiff then assumes (from Warden Humphrey's grievance response) that both Warden Humphrey and a maintenance worker "____ Young" were aware of the slip and fall hazard prior to his fall, but failed to take reasonable measures to protect inmates from injury.

The officers' alleged violation of an internal policy does not, in and of itself, establish a constitutional violation; nor does a prison official's mere knowledge of a possible slip and fall hazard. In order to state an Eighth Amendment deliberate indifference claim based on a slip and fall, Plaintiff must identify evidence that the officers "had '(1) subjective knowledge of a risk of serious harm; [and] (2) disregard[ed] . . . that risk; (3) by conduct that is more than mere negligence.'" Cagle v. Sutherland, 334 F.3d 980, 987 (11th Cir. 2003). Here, Plaintiff's allegations, even if true, fail to show that the officers' failure to follow the policy was "more than mere negligence." See Bell v. Ward, 88 F. App'x. 125, 127 (7th Cir. Feb. 6, 2004) (accumulation of water on the floor shows, at most, that jail officials were negligent); Beasley v. Anderson, 67 F. App'x. 242 (5th Cir. 2003) (claim that prisoner slipped and fell shower floor sounded in negligence); See also, Davis v. Corrections Corp. of Am., No. 5:07cv279/RS-EMT, 2008 WL

5

539057, at *3 (N.D. Fla. Feb. 22, 2008) (wet bathroom floor only showed negligence); Smith v. Brown, No. 1:12–CV–328–TWT–JSA, 2012 WL 5392154, at *2 (N.D. Ga. Sept. 25, 2012) (prisoner who fell on wet floor failed to demonstrate that claim constituted anything more than negligence).

Negligent acts do not give rise to §1983 liability. See Daniels v. Williams, 474 U.S. 327, 336, 106 S.Ct. 662, 667, 88 L.Ed.2d 662 (1986); Hernandez v. Florida Dept. of Corrections, 281 F. App'x. 862, 866 (11th Cir. 2008) ("Allegations of negligent conduct do not state a constitutional claim and thus, are not actionable under § 1983."). "Individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury or (2) to have the government protect them from such an injury." Davis, 2008 WL 539057, at *3 (citing Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)).

Even if Plaintiff could show that Defendants were "deliberately indifferent" to the standing water problem, he still cannot prevail on a conditions of confinement claim under the Eighth Amendment unless he can also show that the "condition complained of is 'sufficiently serious' to implicate constitutional protection." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (further quotations omitted)). Courts have generally concluded that "standing water" and "slippery floors" are not sufficiently serious conditions to warrant constitutional protection. See Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004); see also, e.g., LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); Martin v. City of N.Y., No. 11 Civ. 600(PKC)(RLE), 2012 WL 1392648, at *9 (S.D.N.Y. Apr. 20, 2012) ("bodily injuries sustained from a slip-and-fall on a wet floor simply do not rise to the level of a constitutional violation"). Plaintiff's allegations do not suggest that the wet, slippery floor described here is any

different. See Reynolds, 370 F.3d at 1031 ("slippery floors constitute a daily risk faced by members of the public at large").

It is thus **RECOMMENDED** that Plaintiff's slip and fall claims against Officer Peterson, Officer Hill, Warden Humphrey, and "maintenance worker _____ Young" be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §1915A, for failure to state claim. Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. See 28 U.S.C. § 636(b)(1).

B.  Denial of Medical Care Claims

Plaintiff's Complaint and Supplement also allege that he has been denied medication for his "chronic pain." Though Plaintiff was apparently examined immediately after his fall, Nurse Gore refused to provide him pain medication. Plaintiff alleges that he has since filed as many as seventeen sick call request and that all have been intentionally ignored by Doctor Hale Burnside and Nurse Gore – even though they are aware of his fall and injuries. Plaintiff has since attempted to make Warden Humphrey aware of the alleged denial of medical treatment. The Supplement alleges that Warden Humphrey "was notified threw[sic] letters *and* when he made rounds" that "his medical providers were delaying [and] denying" medical treatment. (See "State of Claim" at 3, ECF No. 13-1).

While the extent and severity of Plaintiff's injuries are still somewhat unclear, his allegations, when viewed liberally and in the light most favorable to Plaintiff, appear to support an Eighth Amendment claim against Nurse Gore and Dr. Burnside. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As a general rule, a warden may not be held liable under §1983 for failure to respond to grievances and letters. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999);

Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982). However, in this case, Plaintiff's allegations suggest that he could possibly show that Warden Humphrey had either "a reason to believe (or actual knowledge) that prison doctors or their assistants [were] mistreating (or not treating) a prisoner . . . ." C.f., Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Thus, in an abundance of caution, the undersigned will also allow the claim against Warden Humphrey to go forward.

It is therefore **ORDERED** that service be made on Defendants Burnside, Gore, and Humphrey and that they file an Answer, or such other response as appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This

90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

It is further **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has

been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 7th day of June, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
