IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LAMARCUS THOMAS,                    :
                                    :
                 Plaintiff,         :
                                    :
        v.                          :        NO. 5:13-cv-108 (MTT) (CHW)
                                    :
Warden CARL HUMPHREY, *et al.*,     :        Proceedings under 42 U.S.C. § 1983
                                    :        Before the U.S. Magistrate Judge
                 Defendants.        :
_____ :

## REPORT AND RECOMMENDATION

Now before the Court is a motion to dismiss filed by Defendants Humphrey, Burnside and Gore. (Doc. 43). As discussed below, it is **RECOMMENDED** that the Defendants' motion be **GRANTED IN PART AND DENIED IN PART**, such that: (1) Plaintiff's claims against Defendant Humphrey be **DISMISSED** for failure to exhaust; (2) Plaintiff's claims for damages against the Defendants, in their official capacities, be **DISMISSED**; and (3) Plaintiff be allowed to proceed on his denial-of-medical-care claims against Defendants Burnside and Gore.

## BACKGROUND

Plaintiff's pro se § 1983 complaint concerns the alleged denial of medical care following a September 2011 slip-and-fall in the Georgia Diagnostic and Classification Prison.[1] Plaintiff, a prisoner, claims that as he was "being esc[or]ted from the shower handcuffed behind [his] back," he slipped in an area "wet [with] puddles of water" and "suffered multiple injuries." (Doc. 1, p. 5). Plaintiff claims that he was "taken to medical checkout" where he "voice[d his] concerns," but was nevertheless denied prescription pain medication. (Doc. 1, p. 8). As a result, Plaintiff claims that he was in "severe pain all over [his] body" from September 2, 2011—the date of the

---

[1] The Court previously dismissed "all claims and Defendants . . . with the exception of the Plaintiff's denial of medical care claims" pursuant to 28 U.S.C. § 1915A. (Docs. 27, 30).

slip-and-fall—until January 24, 2013, when Plaintiff finally, but only temporarily, received pain medication. (Doc. 1, p. 9). Plaintiff claims that Defendants Burnside and Gore "intentionally ignored [his] sick call[] request[s]," (Doc. 13-1, p. 3), and that Defendant Humphrey was notified of the behavior of Defendants Burnside and Gore, but took no action. (Doc. 13-4, p. 3). Plaintiff sues the Defendants "individually and in [their] official capacity," and he seeks both injunctive relief and compensatory and punitive damages. (Doc. 1, pp. 6-7). Because neither a State nor its officials acting in their official capacities are "persons" under § 1983, it is recommended that Plaintiff's claims for damages against the Defendants, in their official capacities, be dismissed. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

## EXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires that prisoners exhaust "such administrative remedies as are available" prior to pursuing a § 1983 lawsuit. 42 U.S.C. § 1997e(a). As a result, "when a state provides a grievance procedure for its prisoners, an inmate alleging harm suffered from prison conditions must . . . exhaust the remedies available under that [grievance] procedure." *Bryant v. Rich*, 530 F.3d 1368, 1373 (11th Cir. 2008).

The resolution of motions to dismiss for failure to exhaust involves a two-step process. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). At step one, the Court "looks to the factual allegations . . . and if they conflict, [the Court] takes the [P]laintiff's version of the facts as true." *Id.* If the defendants are nevertheless entitled to have the complaint dismissed for failure to exhaust, the Court must dismiss the complaint. *Id.* If, however, the complaint is not subject to dismissal at step one, the Court proceeds to step two, where it "make[s] specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* At step two, "[t]he defendants

bear the burden of proving that the plaintiff . . . failed to exhaust his available administrative remedies." *Id.*

## A. DEFENDANTS BURNSIDE AND GORE

Defendants Burnside and Gore argue that Plaintiff failed to satisfy the PLRA's exhaustion requirement because his grievances against them, although technically exhausted, were not sufficiently specific. (Doc. 43-1, pp. 5-8). This argument is not persuasive.

As a general rule, grievances need only "afford corrections officials time and opportunity to address complaints internally." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) ("When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief"). The Defendants cite no heightened grievance standard in the Georgia Department of Corrections' Standard Operating Procedure, and no such heightened standard is apparent. (Doc. 44, pp. 10-21).

Under the *Woodford* notice-grieving standard, then, it is clear that three of Plaintiff's four relevant and exhausted grievances were sufficiently specific to meet the requirements of § 1997e(a).[2] First, in grievance no. 98592, filed on September 20, 2011, Plaintiff stated:

> I ask Mrs. Merry [Gore] about sick-call[.] She stated "You wrote Doctor Bearly up . . . [for] retaliation no work . . . this [retaliatory] action by admin station [illegible] cruel and [unusual] punishment violated my medical rights . . . . (Doc. 44-1, p. 5).

The Defendants appear to acknowledge that "Dr. Bearly" refers to Dr. Burnside. (Doc. 43-1, p. 5 n.4). Under "Resolution Requested," Plaintiff further stated: "notify them both that they act in

---

[2] In the fourth grievance, grievance no. 97383, Plaintiff complained only of the slip-and-fall itself and not of the denial of medical care. (Doc. 43-1, p. 5; Doc. 44, p. 31).

violation to stop lying saying they have seen me . . . ." (*Id.*). Although prison officials evaluated Plaintiff's grievance as if it concerned Defendant Gore's alleged derogatory remark, grievance no. 98592 provided GDCP officials with adequate notice and opportunity to address Plaintiff's general desire for medical care. The fact that Plaintiff did not mention "pain medication" is not fatal to his claim.

Similarly, grievance no. 108493 appears to state "I was seen by Doctor for refill on my meds and was denied . . . ." (Doc. 44, p. 85). Because the withdrawal of prescribed treatment may itself constitute deliberate indifference, and because Plaintiff raised the withdrawal issue in his complaint, (Doc. 1, p. 9), the Defendants' argument that grievance no. 108493 is "distinguishable from [Plaintiff's] denial of medication claim" is not a proper ground for dismissal.

Finally, in grievance no. 119529, Plaintiff argued that Defendant Gore denied him medical treatment without affording him an opportunity to explain. (Doc. 44, p. 93). Under "Resolution Requested," Plaintiff stated: "this is [the] third time this has happen[ed]." (*Id.*). Although the Defendants note that Plaintiff filed grievance no. 119529 "eight months after [the] slip-and-fall [and] many months after [the] Defendants allegedly denied Plaintiff's sick call requests," the Defendants do not—and likely cannot—argue that grievance no. 119529 was untimely filed. (Doc. 43-1, p. 8). Rather, as with grievance no. 108493, the Defendants argue that grievance no. 119529 "cannot be viewed as pertaining to the claim in Plaintiff's Complaint." (*Id.*). Again, this attempt to use Section 1997e to reduce Plaintiff's lawsuit to only those claims based on his September 20, 2011 grievance has no basis in fact or law, and is therefore not persuasive. Accordingly, it is recommended that the Court find that Plaintiff exhausted his available administrative remedies regarding his claims against Defendants Burnside and Gore.

**B. D<small>EFENDANT</small> H<small>UMPHREY</small>**

In grievance no. 102734, Plaintiff stated: "this grievance against Warden Humpree for interfirin with medical proceeding and when [] notified that I was sick failure to instruct his medical staff to check my medical need and instruct them perform their work duties." (Doc. 44, p. 67). The grievance indicates that Plaintiff's complaint was "resolved" at the informal level— Plaintiff was "scheduled to see the doctor"—and there is no indication that Plaintiff filed either a formal grievance or an appeal as provided for by the Georgia Department of Corrections' Standard Operating Procedure. (Doc. 44, pp. 10-18, 24).

Federal courts may not waive the exhaustion requirement, and the Eleventh Circuit has held that the exhaustion of available administrative remedies is mandatory, even when the administrative procedures set forth by a prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998). Accordingly, at step one of the *Turner* review process, it is recommended that the Court dismiss Plaintiff's claims against Defendant Humphrey for failure to exhaust, and that Defendant Humphrey be dismissed as a party to this action.

## FAILURE TO STATE A CLAIM

In addition to arguing that Plaintiff failed to exhaust his available administrative remedies, the Defendants also argue that Plaintiff failed to state a claim upon which relief may be granted. (Doc. 43-1, pp. 10-18). Because Plaintiff only exhausted his administrative remedies regarding his claims against Defendants Burnside and Gore, only those claims will be reviewed. Furthermore, because Plaintiff pleads sufficient facts to state a plausible claim for relief, and because Defendants Burnside and Gore are not entitled to qualified immunity, it is recommended that Plaintiff be allowed to proceed on his denial-of-medical-care claims against Defendants Burnside and Gore.

**A. LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim, a complaint need only contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). When considering a motion to dismiss for failure to state a claim, the Court must accept all allegations in the complaint as true, and construe all facts in the light most favorable to the plaintiff. *Lopez v. Target Corp.*, 676 F.3d 1230, 1232 (11th Cir. 2012).

**B. ANALYSIS**

Plaintiff claims, in his Complaint, that Defendants Burnside and Gore refused to provide him with pain medication and "intentionally ignored [his] sick call[] request[s]." (Doc. 13-1, p. 3). In other words, Plaintiff argues that Defendants Burnside and Gore were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). In order to establish a claim of deliberate indifference, a prisoner must show (i) a serious, objective medical need; (ii) deliberate indifference to that need on the part of prison officials; and (iii) resulting harm. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007). The second prong of the deliberate indifference test, the deliberate indifference prong, requires a showing that prison officials (i) had subjective knowledge of a risk of serious harm; but (ii) disregarded that risk; by (iii) conduct that was "more than gross negligence." *Id.* at 1326-27.

In their motion to dismiss, the Defendants argue that Plaintiff failed to satisfy the "deliberate indifference" prong of the deliberate indifference test. (Doc. 43-1, pp. 10-16).[3] They claim that Plaintiff's pleadings contain insufficient factual material to demonstrate (1) subjective awareness; and (2) conduct that was "more than gross negligence." The Defendants also argue

---

[3] The Defendants did not argue that Plaintiff suffered no "resulting harm," and they "assum[ed], without conceding" that Plaintiff had a serious medical need due to his slip-and-fall injuries. (Doc. 43-1, p. 12).

that (3) they are entitled to qualified immunity. (Doc. 43-1, pp. 18-19). Because Plaintiff in fact pleads sufficient facts to state a plausible claim for relief, and because Plaintiff alleges that the Defendants violated "clearly established federal law," it is recommended that Plaintiff be allowed to proceed on his claims against Defendants Burnside and Gore.

### (1) **Subjective Awareness**

Construed in the light most favorable to Plaintiff, the record indicates that Defendants Burnside and Gore were subjectively aware of Plaintiff's alleged need for pain medication. Plaintiff claims that he was taken to medical checkout following his slip-and-fall where he "voiced[d his] concerns," but was denied prescription pain medication. (Doc. 1, p. 8). Plaintiff also claims that he requested pain medication from the Defendants when they made their rounds, (Doc. 50, p. 2), and that he "made about seventeen attempts to be seen by the Defendants" who "intentionally ignored disrega[]rded by failing to take reason[a]ble measure[s] to reduce [Plaintiff's] illness or injury." (Doc. 13-1, p. 3). Plaintiff's grievances appear to corroborate his allegations. For example, in an attachment to grievance no. 1075958, Plaintiff stated: "I have wrote Doctor Bearly and nurse merry." (Doc. 44, p. 46). On his grievance appeal form for grievance no. 1075958, Plaintiff stated: "I had to go [through] all this paperwork and still haven't got no medical treatment." (Doc. 44, p. 50). These allegations are not "threadbare recitals" or "legal conclusions;" they are genuine, fact-based allegations. Because the Court must accept as true all the allegations in Plaintiff's complaint for purposes of reviewing the Defendants' motion to dismiss, the Defendants' subjective-awareness argument is not persuasive.

### (2) **"More than Gross Negligence" Conduct**

The Defendants' argument that Plaintiff failed to show a level of care worse than "accidental inadequacy [or] negligence" is similarly unpersuasive. (Doc. 43-1, p. 13). Plaintiff

alleges that he has been in "severe pain all over [his] body" since his September 2, 2011 slip-and-fall. (Doc. 1, p. 9). Plaintiff also claims that he was finally, but only temporarily, given pain medication in January 2013. (*Id.*). "[A] core principle of Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care . . . cause a prisoner to needlessly suffer [] pain." *McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999). Assuming, as the Defendants do, that Plaintiff's medical need was objectively serious, (Doc. 43-1, p. 12), the Defendants' refusal to provide Plaintiff with pain medication cannot be dismissed at this point in the proceedings as a mere "medical judgment call." (Doc. 43-1, p. 13). *Cf. Benson v. Gordon County, Ga.*, 479 Fed. Appx. 315 (11th Cir. 2012) (affirming the denial of summary judgment on a denial-of-pain-medication claim) *with Baez v. Rogers*, 522 Fed. Appx. 819 (11th Cir. 2013) (affirming the dismissal of a denial-of-pain-medication claim based on the lack of an objectively serious medical need). Accordingly, it is recommended that the Court find that Plaintiff stated a plausible claim for relief against Defendants Burnside and Gore.

### (3) Qualified Immunity

Finally, the Defendants have not demonstrated that they are entitled to qualified immunity from suit. Clearly established law provides that "prison officials may violate the Eighth Amendment's commands by failing to treat an inmate's pain." *McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999) (citing *Brown v. Hughes*, 894 F.2d 1533 (11th Cir. 1990)); *see also Benson v. Gordon County, Ga.*, 479 Fed. Appx. 315, 319 (11th Cir. 2012) ("Our cases have consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitutes deliberate indifference"). Here, as in *Benson*, the facts viewed in the light most favorable to Plaintiff show that the Defendants acted in a clearly proscribed manner.

**BREADTH OF REQUESTED INJUNCTIVE RELIEF**

The Defendants finally argue that Plaintiff's request for injunctive relief should be dismissed because it is "overly broad." (Doc. 43-1, p. 20). Certainly, the PLRA requires that Courts "narrowly tailor" remedies in order to correct the specific violations of the rights of particular plaintiffs. See 18 U.S.C. § 3626(a)(1). Nevertheless, federal courts "may not allow constitutional violations to continue simply because a remedy would involve intrusion into the realm of prison administration." *Brown v. Plata*, 131 S.Ct. 1910, 1929 (2011). Accordingly, insofar as the Defendants ask the Court to dismiss Plaintiff's request for injunctive relief, it is recommended that the Defendants' motion be denied.

## <u>CONCLUSION</u>

In accordance with the analysis above, it is **RECOMMENDED** that the Defendants' Motion be **GRANTED IN PART AND DENIED IN PART.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of January, 2014.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge