IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LAMARCUS THOMAS )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WARDEN CARL HUMPHREY, *et al.*, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 5:13-CV-108 (MTT) |

## ORDER

This matter is before the Court on the Recommendation of Magistrate Judge Charles H. Weigle (Doc. 64) on the Defendants' motion to dismiss (Doc. 43). The Magistrate Judge recommends that: (1) the Plaintiff's claims against Defendant Humphrey be dismissed for failure to exhaust administrative remedies; (2) the Plaintiff's claims for damages against the Defendants in their official capacities be dismissed; and (3) the Plaintiff be allowed to proceed on his denial-of-medical-care claims against Defendants Burnside and Gore. The Defendants have objected to the Recommendation. (Doc. 65). The Court has reviewed the Defendants' objection and has made a de novo determination of the portion of the Recommendation to which the Plaintiff objects.

The Defendants object to the Magistrate Judge's determinations that the Plaintiff's complaint sufficiently states a claim for denial of medical care against

Burnside and Gore and that Burnside and Gore are not entitled to qualified immunity.[1] As stated in the Recommendation, for an Eighth Amendment denial-of-medical-care claim, the Plaintiff must show that: (1) there was an objectively serious medical need; (2) the prison official acted with deliberate indifference to that need; and (3) the injury was caused by the prison official's wrongful conduct. *Goebert v. Lee Cnty.*, 570 F.3d 1312, 1326 (11th Cir. 2007). To show the prison official acted with deliberate indifference, the Plaintiff must establish "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Id.* (alteration in original) (internal quotation marks and citation omitted).

The Defendants concede, for the purposes of this motion, that the Plaintiff has an objectively serious medical need. Their objection centers on the deliberate indifference element. First, the Defendants contend the allegations relied on by the Magistrate Judge are insufficient to show Burnside and Gore were subjectively aware of a risk of serious harm. The Magistrate Judge relied on:

(1) An allegation in the Plaintiff's complaint that he "was taken to medical checkout by medical care p[ro]viders I voice my concerns to medical care nurses they did not give me no prescription pain medication for my injury after incident." (Doc. 1 at 8).[2]

---

[1] The Defendants' objection that they are entitled to qualified immunity is premised on the same contention: that the complaint fails to sufficiently allege an Eighth Amendment denial-of-medical-care claim.

[2] The "incident" is described in an earlier paragraph as a slip and fall that occurred when the Plaintiff was exiting the shower on September 2, 2011. (Doc. 1 at 8).

>   (2) A statement in the Plaintiff's response to the Defendants' motion to dismiss that he talked to Gore and Burnside when they made their rounds and "still they ignore me no response of help." (Doc. 50 at 2).[3]
>
>   (3) A statement in the Plaintiff's supplement to his complaint[4] that he "made about seventeen attempts to be seen by the Defendants but Doctor Hale Burnside and Nurse Merry Gore intentionally ignored disregarded by failing to take reasonable measure[s] to reduce my illness or injury due to back pain slip and fall accident." (Doc. 13-1 at 3).

The Magistrate Judge also notes that statements the Plaintiff made in grievances he filed, which the Defendants submitted with their motion, appear to corroborate his allegations. In an attachment to grievance no. 98592,[5] the Plaintiff stated, "I have wrote Doctor Bearly and nurse merry." (Doc. 44 at 46). On his appeal form for this grievance, the Plaintiff further stated, "I had to go [through] all this paperwork and still haven't got no medical treatment." (Doc. 44 at 50).

The Court notes that in addition to these allegations, the Plaintiff alleges that after the slip-and-fall shower incident he was "taken to medical and seen by a[n] unidentified nurse and nurse Merry Gore" but "receive[d] no pain relief medication."

---

[3] The Defendants object to the Magistrate Judge's consideration of this statement because it is in the Plaintiff's opposition brief, citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). In that case, the Eleventh Circuit held a plaintiff cannot raise a new claim in response to a summary judgment motion. *Id.* First, unlike *Gilmour*, the Plaintiff is not raising a new claim but is asserting more factual allegations to support a claim already raised in the complaint. Thus, the problem of lack of notice to the Defendants is not present here. Second, the Court believes that the complaint (Doc. 1) and supplement (Doc. 13), without the statement in the opposition brief, sufficiently allege subjective awareness.

[4] The Plaintiff was previously ordered to supplement his complaint because it did not provide the Court with enough detail to determine, pursuant to a preliminary screening under 28 U.S.C. § 1915A, if he could recover under 42 U.S.C. § 1983. (Doc. 6).

[5] The Recommendation erroneously lists this as "grievance no. 1075958," which appears to be the Plaintiff's inmate identification number.

(Doc. 13 at 5). He also states he has a slip he received after seeing Burnside and Gore on January 15, 2012 when they gave him pain medication and that "four days after the slip and fall accident I put in sick call requesting urgency medical needs for some pain relief medication I was intentionally never seen weeks and weeks and months and months I put in over seventeen attempts of medical request to be seen and never got seen … after a year and some change I just got seen on 1-15-12." (Docs. 13-1 at 4; 13-4 at 3). Further, he alleges he was "seen by Doctor Hale and Nurse Merry Gore on 3-26-13 and I express my concern of I need a refill from the last they finally gave me some pain relief medication was a year and some [change] from the date of accident 9-2-11." (Doc. 13-5 at 3).

The Defendants contend this is insufficient to show subjective awareness because the Plaintiff doesn't show whether the Defendants were aware of his seventeen "attempts" to be seen or whether his requests included any information about his condition. However, as noted above, the Plaintiff alleges he was seen by Burnside and Gore on two occasions regarding his need for pain medication. (Docs. 13-1 at 4; 13-4 at 3; 13-5 at 3).

Assuming, as the Defendants do, that the Plaintiff has a serious medical need,[6] the Court finds the Plaintiff has sufficiently alleged Burnside and Gore were subjectively aware of that need for purposes of deciding the motion to dismiss. Though conclusory allegations are insufficient to state a claim for relief, pro se pleadings are liberally construed, and in all cases, reasonable inferences are to be drawn in the plaintiff's favor. *See Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) ("At the

---

[6] This is a generous assumption. Whether in fact the Plaintiff's general complaints of pain sufficiently evidence a serious medical need is another question.

motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." (internal quotation marks and citation omitted)); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (explaining pro se pleadings are liberally construed).

The Defendants also contend the Magistrate Judge erred in finding the complaint sufficiently alleged conduct that was more than grossly negligent. The Magistrate Judge relies on statements in the Plaintiff's complaint that he has been in "severe pain all over [his] body" since he slipped and fell, but he "put in [his] last sick-call on 1-15-13 and [he] just receive pain medication on 1-21-13." (Doc. 1 at 9). The Defendants point out that the Plaintiff also alleges in his complaint and supplement that he was seen by the Defendants on January 15, 2012 and given pain medication. (Docs. 1 at 26-28; 13-1 at 4; 13-4 at 3). A slip signed by Gore attached to the Plaintiff's complaint appears to be verification medical services were provided and lists the date as January 15, 2012; however, it does not indicate whether pain medication was provided. (Doc. 1 at 27). The Plaintiff repeats he was not seen for a year "and some change" after his slip and fall on September 2, 2011 even when he says January 2012 was the first time he was seen. (Docs. 13-1 at 4; 13-4 at 3). The Plaintiff also alleges he was seen on March 26, 2013 at which time he expressed concern that the Defendants had not refilled his pain medication. (Doc. 13-5 at 3). There is another slip signed by Gore indicating medical services were provided on March 26, 2013, but it does not state whether pain medication was provided. (Doc. 13-5 at 4).

Despite the Defendants' argument, the Court concludes the complaint sufficiently alleges conduct that was more than grossly negligent. Based on the confusing timeline

in the complaint and supplement, the Court sees two possible interpretations of the Plaintiff's allegations: (1) he was finally seen and given pain medication on January 15, 2012 after multiple requests, was again provided pain medication a year later in January 2013, and asked about a refill when he was seen on March 26, 2013; or (2) he was finally seen and given pain medication on January 15, 2012, erroneously wrote January 2013 at the beginning of his complaint, and asked about a refill from the January 2012 date when he was seen again on March 26, 2013.  Either way, the Plaintiff has alleged: (1) he was in pain; (2) the Defendants were aware of it; and (3) the Defendants denied him pain medication for long periods of time.[7]  As the Recommendation notes, failing to treat an inmate's pain may rise to the level of deliberate indifference.  *See Benson v. Gordon Cnty., Ga.*, 479 F. App'x 315, 318-19 (11th Cir. 2012) (upholding denial of summary judgment on inmate's Eighth Amendment claim when nurse failed to provide inmate pain medication even though she knew he was in pain and had been prescribed medication); *McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999) ("[P]rison officials with knowledge of the need for care may not, by failing to provide care, delaying care, or providing grossly inadequate care, cause a prisoner to needlessly suffer the pain resulting from his or her illness.").[8]

    The Court has reviewed the Recommendation and the Defendants' objections, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the order of this

---

[7] Even assuming the Plaintiff received medication in January 2012, this was four months after he alleges he was injured and in severe pain from the September 2, 2011 incident.

[8] Because the Court agrees that the Plaintiff sufficiently alleges the Defendants were subjectively aware of his condition and their conduct was more than grossly negligent, the Court also agrees with the Recommendation that, based on the record at this time, the Defendants are not entitled to qualified immunity.

-7-

Court.  Accordingly, the Defendant's motion to dismiss (Doc. 43) is **GRANTED in part and DENIED in part**.  The Plaintiff's claims against Defendant Humphrey and the Plaintiff's claims for damages against the Defendants in their official capacities are **DISMISSED**.  The Plaintiff's denial-of-medical-care claims against Defendants Burnside and Gore shall be allowed to go forward.

**SO ORDERED**, this 19th day of March, 2014.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT