IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LAMARCUS THOMAS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No: 5:13-cv-108 (MTT) |
| | : | |
| EDWARD HALE BURNSIDE, *et al*., | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

**RECOMMENDATION**

Before the Court is the Motion for Preliminary Injunction filed by Plaintiff Lamarcus Thomas in this *pro se* civil rights case filed under 42 U.S.C. § 1983.[1] Doc. 67. Following the Court's order adopting the recommendation to grant in part and deny in part Defendants' Motion to Dismiss, the only remaining claim in this case is Plaintiff's denial of medical care claim against Defendants Burnside and Gore. Docs. 64, 66. Because Plaintiff fails to satisfy the necessary prerequisites for the issuance of a preliminary injunction, it is **RECOMMENDED** that his Motion for Preliminary Injunction (Doc. 67) be **DENIED**.

Plaintiff is not entitled to a preliminary injunction unless he establishes the following four prerequisites: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir.

---

[1] Although Plaintiff uses the terms "TRO" and "Preliminary Injunction" interchangeably, the instant Motion is, in substance, a Motion for Preliminary Injunction.

1998) (citations and quotations omitted). Plaintiff's failure to demonstrate a "substantial likelihood of success on the merits" may defeat his claim, regardless of his ability to establish the other prerequisites. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994). Similarly, "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

Plaintiff's Motion for Preliminary Injunction does not address the four prerequisites necessary to establish his entitlement to a preliminary injunction. Instead, Plaintiff presents a vague list of complaints about having experienced "[retaliation] that takes many forms and [discrimination] that takes many forms" since initiating the above-styled case. Doc. 67-1 at 1. For example, Plaintiff contends that Defendants Gore and Burnside "[have] been throwing away all my turn[ed] in medical sick call [requests]." Id. Plaintiff also alleges that Defendants Gore and Burnside have made "statement[s]" to him during their medical rounds, such as, "I don't care who you tell you [already] have lost your lawsuit because of your failure to state a [claim]." Id. According to Plaintiff, Defendants "should be held liable and responsible for [their] illegal[] action by denying me medical treatment." Id. In relief, Plaintiff requests that the Court immediately "order them [to] give [me] my medical treatment or be fined and put in jail if they don't stop [this] ongoing violation to fix the immediate irreparable injury loss and damage." Id. at 2.

Plaintiff has not shown a "substantial likelihood of success on the merits" at this time. McDonald's Corp., 147 F.3d at 1306. Insofar as Plaintiff implies that he will succeed on the merits because his remaining claims survived Defendants' Motion to Dismiss, Plaintiff misunderstands the first prerequisite for obtaining a preliminary injunction. It is well-established in this Circuit that "'[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.'" Am. Civil Liberties

2

Union of Fla., Inc. v. Miami–Dade Cnty. Sch. Bd., 557 F.3d 1177, 1198 (11th Cir. 2009), quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989). Here, Plaintiff has not yet presented sufficient proof or objective evidence that the specific actions by Defendants about which Plaintiff complains violated his constitutional rights. Accordingly, Plaintiff has not "clearly established the burden of persuasion" regarding whether there is a substantial likelihood that he ultimately will succeed on the merits in this case. McDonald's Corp., 147 F.3d at 1306.

Plaintiff also has not shown that "irreparable injury will be suffered unless the injunction issues." McDonald's Corp., 147 F.3d at 1306. Although Plaintiff contends that he is suffering back pain and will continue to suffer from other unspecified medical problems in the future, Plaintiff's conclusory allegations are remote and speculative, rather than actual and imminent. See Siegel, 234 F.3d at 1176-1177 (citations and quotations omitted) ("[T]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent."). In addition, Plaintiff's unsubstantiated allegations about possible unspecified medical problems in the future do not rise to the level of "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." Church, 30 F.3d at 1337. Consequently, Plaintiff has not "clearly established the burden of persuasion" regarding whether he will suffer irreparable injury in the absence of a preliminary injunction. McDonald's Corp., 147 F.3d at 1306.

Finally, insofar as Plaintiff urges the Court to grant him preliminary injunctive relief that would amount to a broad instruction for Defendants to obey the law, Plaintiff's requested relief runs afoul of Rule 65(d) of the Federal Rules of Civil Procedure. Under Rule 65(d), "[e]very order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the

3

complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). Requests for injunctive relief must be specific; merely ordering the defendants to obey the law in a preliminary injunction is too broad and too vague to be enforceable. See <u>S.E.C. v. Smyth</u>, 420 F.3d 1225, 1233 (11th Cir. 2005). Therefore, to the extent that Plaintiff's requested relief amounts to a broad instruction that Defendants should obey the law or risk fines or imprisonment, Plaintiff's request is unenforceable because it does not conform to the specificity requirement of Rule 65(d).

For these reasons, and in light of the deference that courts must afford prison officials in their day-to-day administration of prisons, <u>see generally</u> <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 491–492 (1973), it is hereby **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 67) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned **within fourteen (14) days** after being served with a copy thereof.

**SO RECOMMENDED**, this 25th day of March, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

4