# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LAMARCUS THOMAS,      : | |
| Plaintiff,      : | |
| :  | |
| v.      : | Case No. 5:13-cv-00108 (MTT) |
| :  | |
| Warden CARL HUMPHREY, *et al.*,  : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants.      : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

On March 26, 2013, Plaintiff Lamarcus Thomas filed his original complaint in the above-styled case under 42 U.S.C. § 1983. Doc. 1. In the original complaint, Plaintiff alleged that he was denied medical care following a September 2011 slip-and-fall in the Georgia Diagnostic and Classification Prison.[1] Plaintiff, a prisoner, claims that as he was "being esc[or]ted from the shower handcuffed behind [his] back," he slipped in an area "wet [with] puddles of water" and "suffered multiple injuries." Doc. 1, p. 5. Plaintiff claims that he was "taken to medical checkout" where he "voice[d his] concerns," but was nevertheless denied prescription pain medication. Doc. 1, p. 8. As a result, Plaintiff claims that he was in "severe pain all over [his] body" from September 2, 2011—the date of the slip-and-fall—until January 24, 2013, when Plaintiff finally, but only temporarily, received pain medication. Doc. 1, p. 9. Plaintiff claims that Defendants Burnside and Gore "intentionally ignored [his] sick call[] request[s]," Doc. 13-1, p. 3, and that Defendant Humphrey was notified of the behavior of Defendants Burnside and Gore, but took no action. Doc. 13-4, p. 3. Plaintiff sues the Defendants "individually and in [their] official capacity," and he seeks both injunctive relief and compensatory and punitive damages. Doc. 1, pp. 6-7.

---

[1] The Court previously dismissed "all claims and Defendants … with the exception of the Plaintiff's denial of medical care claims" pursuant to 28 U.S.C. § 1915A. Docs. 27, 30.

Defendants filed a Motion to Dismiss on August 12, 2013. Doc. 43. The Court adopted a Recommendation that Defendants' motion be granted in part and denied in part. Docs. 64, 66. Plaintiff's claims against Defendant Humphrey were dismissed for failure to exhaust, and Plaintiff's claims for damages against the Defendants, in their official capacities, were dismissed. Plaintiff was allowed to proceed on his denial-of-medical-care claims against Defendants Burnside and Gore.

Now before the Court is a Motion for Summary Judgment filed by the remaining Defendants. Doc. 90. According to Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317 322-24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Rather, the nonmoving party must provide "enough of a showing that the jury could reasonably find for that party." *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson,* 477 U.S. at 251).

For the reasons set forth below, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 90) be **GRANTED**.

I. **EVIDENCE PRESENTED**

In support of their Motion for Summary Judgment, Defendants have submitted Plaintiff's medical records (Docs. 90-4; 90-5; 90-6), detailed affidavits from Nurse Gore (Doc. 90-3) and Dr. Burnside (Doc. 90-7) explaining Plaintiff's lengthy medical history, and an affidavit from Nurse Veronica Dixon (Doc. 90-9) discussing Plaintiff's treatment following the September 2, 2011, slip-and-fall incident. These records show that Plaintiff received frequent medical attention and extensive treatment for various conditions, including psychiatric issues, dietary concerns, skin conditions, and allergies. They do not indicate that Plaintiff suffered any significant or lasting injury from the slip-and-fall.

In opposition to the Motion for Summary Judgment, Plaintiff has submitted various documents that consist primarily of written complaints or grievances about his medical concerns. Doc. 94. In addition, the Court construes the allegations in Plaintiff's Complaint and Response as evidence. Plaintiff's evidence is largely conclusory and fails to show that he suffered a serious injury following the slip-and-fall.

In his Complaint and Response, Plaintiff broadly contends that Dr. Burnside and Nurse Gore refused to respond to his sick call requests and provide treatment for an alleged back injury. In the Complaint, Plaintiff contends that after the slip-and-fall shower incident he was "taken to medical and seen by an unidentified nurse and nurse Merry Gore" but "receive[d] no pain relief medication." Doc. 13 at 5. He states that "four days after the slip and fall accident I put in sick call requesting urgency medical needs for some pain relief medication I was intentionally never seen weeks and weeks and months and months I put in over seventeen attempts of medical request to be seen and never got seen … after a year and some change I just got seen on 1-13-12." Docs. 13-1 at 4; 13-4 at 3. Further, he alleges he was "seen by Doctor Hale and Nurse Merry Gore on 3-26-13

and I express my concern of I need a refill from the last they finally gave me some pain relief medication was a year and some [change] from the date of accident 9-2-11." Doc. 13-5 at 3.

In support of his Response to the Motion for Summary Judgment, Plaintiff submits various grievances and written complaints that he filed, most of which appear to have been prepared in 2013 and 2014, at least two years after the slip-and-fall and following the filing of the present lawsuit. Several of these grievances and complaints allege failure to respond to requests for sick call and denial of requests for pain medication, but none of them alleges any objective facts to indicate that Plaintiff suffered a significant injury. Plaintiff also includes a "witness statement" from another inmate, "G. Gibbons," who claims that he was also "a victim of inadequate medical treatment several times," but does not state any specific facts related to Plaintiff's alleged injury or medical care. Doc. 94-6.

The records submitted by Defendants show that Plaintiff received frequent and extensive medical attention for various conditions, including his slip-and-fall incident. These records show that Plaintiff reported to medical on September 2, 2011, complaining that he fell in the shower and was experiencing an aching pain to his hip and back. Def. Ex. A, Aff. of Mary Gore, L.P.N. (Doc. 90-3, p. 4). He was examined by Nurse Veronica Dixon. *Id.* During that assessment, Nurse Dixon "found no redness, no swelling, no tenderness, and no other signs of injury" and also that Plaintiff "had full range of motion of all his extremities." Def. Ex. C, Aff. of Veronica Dixon, L.P.N. (Doc. 90-9, p. 3). Nurse Dixon further stated that Plaintiff refused medication for his pain because he already had some pain medication, Percogesic. *Id.* Percogesic is a medication containing acetaminophen and is appropriate to treat mild to moderate pain, including back pain. *Id.* She "did not, accordingly, provide [Plaintiff] with additional pain medication." *Id* (*citing* Att. C-1 (Doc. 90-10)).

On September 13, 2011, Dr. Burnside wrote Plaintiff a thirty day prescription for Motrin 800mg, to be dispensed to Plaintiff twice daily, to address complaints of pain. Def. Ex. B, Aff. of Edward Hale Burnside, M.D. (Doc. 90-7, p. 5). Nurse Gore also signed Dr. Burnside's order to provide Plaintiff with the medication. *Id.* On November 8, 2011, Dr. Burnside wrote Plaintiff a thirty day prescription for Percogesic, to be dispensed to Plaintiff twice daily. *Id.* at 6.

On January 17. 2012, Plaintiff went to medical. *Id.* Plaintiff stated "that he had filled out three sick call requests but was unwilling to write down the problem for which he wished to be seen." *Id.* Plaintiff further complained of swollen gums, difficulty chewing food and ear wax problems, for which he requested prescriptions for antihistamine and sinus medication, Percogesic, and CTM (chloropheniramine).[2] Burnside did not comply with Plaintiff's requests as he had received a report from security that Plaintiff's prescription medications had been taken from him after he had attempted to give the medications, chopped up, to his cell-block neighbor. *Id.* Burnside further discussed with Plaintiff that he needed to stop abusing medications before he could get another prescription. *Id.* at 8. Plaintiff "indicated that he understood, but was going to complain." *Id.*

Over the course of his incarceration, Plaintiff has received frequent consultations with Dr. Burnside, Nurse Hale, and other nurses and physicians, for numerous medical issues. Many of Plaintiff's concerns appear to be psychiatric. Plaintiff suffers from antisocial personality disorder, impulse control disorder, and a history of polysubstance dependence, or the abuse of multiple drugs. Def. Ex A-1, Plaintiff's Medical Records, pp. 57, 118, 123-150 (Docs. 90-4, 90-5, 90-6). Numerous records indicate a history of self-inflicted cutting and "angry aggressive outbursts." See, e.g., Docs. 90-4, p. 42; 90-5, p. 20; 90-5, p. 22; 90-5, p. 25; 90-5, p. 32. Plaintiff has also

---

[2] Chloropheniramine is a anti-histamine drug commonly used to relieve sneezing, itchy, watery eyes, itchy nose or throat, and runny nose caused by hay fever or other respiratory allergies. Def. Ex. B, Aff. of Edward Hale Burnside, M.D. (Doc. 90-7, p. 6).

5

sought treatment for concerns regarding his weight, ear blockages, headaches, swelling of gums, irritated facial skin, foot fungus, and diet. Doc. 90-4 at 9, 11, 12, 14; Doc. 90-5 at 17, 20, 81; Doc. 90-6 at 5, 48. Plaintiff has been prescribed a variety of medications to address these problems including, but not limited to, Excedrin Migraine, Motrin, non-steroidal nasal spray, anti-fungal cream, benzoil peroxide, Percogesic, chlorpheniramine, Prozac, Wellbutrin, and Depakote. Doc. 90-4 at 3, 5-7, 9, 12; Doc. 90-5 at 4; Doc. 90-6 at 51.

The records also include several letters or complaints written by Plaintiff to his physicians. In one, Plaintiff asks Dr. Burnside to change a prescription from Excedrin to "neuroxin," based on his concerns that Excedrin could cause liver damage. Doc. 90-4, p. 34. In three other letters, Plaintiff asks Dr. Zanveal to change a prescription from Zoloft to Wellbutrin, and appears to acknowledge concerns about pill hoarding. Doc. 90-4, pp. 35-37. In none of these letters does Plaintiff complain of a back injury. During his entire history of treatment, Plaintiff complained of back pain only one other time after his initial medical visit on September 2, 2011—two months before he filed this complaint. *Id.* at 133-34.

## II.  DISCUSSION

Because Plaintiff has failed to present evidence to establish a genuine dispute of material fact regarding whether the Defendants were "deliberately indifferent" to his serious medical needs, it is recommended that the Defendants' Motion for Summary Judgment be granted.

The Eighth Amendment prohibits cruel and unusual punishment, which includes deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Nonetheless, not every claim of inadequate medical treatment states a cognizable claim under the federal constitution. *Id.* "Medical treatment violates the [E]ighth [A]mendment only when it is so

grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir. 1991) (citation omitted).

To establish deliberate indifference to his medical needs, a prisoner must satisfy both an objective and a subjective component. *Campbell v. Sikes,* 169 F.3d 1353, 1363 (11th Cir. 1999). Regarding the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. *Taylor v. Adams,* 221 F.3d 1254, 1258 (11th Cir. 2000). Regarding the subjective component, a prisoner must allege three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. *McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir. 1999). Additionally, as with any tort claim, the prisoner must show that an injury was caused by the defendant's wrongful conduct. *See Hale v. Tallapoosa County,* 50 F.3d 1579, 1582 (11th Cir. 1995).

It is not enough to show that the care provided was less than optimal, or that a different course of treatment might have been preferable. The elements required to prove the subjective component of a deliberate indifference claim establish that "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable under 42 U.S.C. § 1983. *Taylor,* 221 F.3d at 1258. A prisoner also cannot establish a violation simply because he "may have desired different modes of treatment" than that which was provided to him. *Hamm v. DeKalb County,* 774 F.2d 1567, 1576 (11th Cir.1985). Such course of treatment claims, by definition, involve the "exercise of professional judgment" and as such are not actionable. *Estelle,* 429 U.S. at 105.

7

A. **<u>Objective Component</u>**

There is no evidence in the record to show that Plaintiff suffers from a serious objective need that, if left unattended, posed a substantial risk of serious harm. Plaintiff contends that his serious objective need was alleged "back pain." Doc. 1. p. 8. There is no evidence in the record, however, to show that Plaintiff's slip-and-fall in September 2011 resulted in more than minor, temporary pain. Nurse Veronica Dixon, in her affidavit, stated that she conducted a nursing assessment of Plaintiff on September 2, 2011. Doc. 90-9. During that assessment, Nurse Dixon "found no redness, no swelling, no tenderness, and no other signs of injury" and also that Plaintiff "had full range of motion of all his extremities." *Id.* Nurse Dixon further stated that Plaintiff refused medication for his pain because he already had some pain medication. *Id.* Further, Doctor Burnside, in his affidavit, stated that he was familiar with Plaintiff's medical condition, and that Plaintiff "has not been diagnosed with, nor has he indicated any symptoms of, a serious or chronic back injury or any condition which would result in chronic or significant back pain." Doc. 90-7.

Plaintiff has not raised a genuine issue of material fact as to his serious medical need. While Plaintiff filed a response with various exhibits, including an affidavit of another inmate, to support his claim, none of the exhibits rebuts the evidence presented by the Defendants.[3] The Eleventh Circuit has held that when a "claim of serious injury is only a conclusory allegation, unsupported by any physical evidence, medical records, or the corroborating testimony of witnesses," it should be discounted. *See Bennett v. Parker*, 898 F.2d 1530, 1534 (11th Cir. 1990) (*citing Brown v. Smith*, 813 F.2d 1187, 1189 (11th Cir. 1987)). Plaintiff presents no medical records, physical evidence, or corroborating testimony that raises a genuine issue of material fact as to Plaintiff's deliberate indifference claim.

---

[3] Inmate G. Gibbons claims that he or she was also a victim of inadequate medical treatment several times, but does not state a specific fact addressing Plaintiff's existing injury or deliberate indifference claim. In fact, the one fact she does allege occurred a month after Plaintiff filed his complaint. Doc. 94-6.

Judgment is also required as a matter of law in the Defendants' favor. In a similar case, the Eleventh Circuit has held (in an unpublished opinion) that "lower back pain is not the type of serious condition this circuit requires" to establish deliberate indifference. *See Burley v. Upton,* 257 F. Appx. 207, 210 (11th Cir. 2007); *Green v. Fye*, 2011 WL 5025158, at *3 (M.D. Ga. Oct. 21, 2011) (finding that the *Burley* holding governed when Plaintiff claimed he was entitled to a bottom bunk after he broke his clavicle); *Sanks v. Franklin,* 2010 WL 234785, *6, (M.D. Ga. Jan. 13, 2010) (concluding that stomach ache was not serious medical need and citing with approval *Burley,* 257 Fed. Appx. 207, 210 (11th Cir. 2007)). As Plaintiff did not raise a genuine issue of material fact and judgment is required as a matter of law as to Plaintiff's serious objective need, Plaintiff cannot make a claim of deliberate indifference. Therefore, Defendant's Motion for Summary Judgment should be granted.

**B. Subjective Component**

Plaintiff also fails to state a plausible claim for deliberate indifference to his serious medical needs because he does not allege facts sufficient to satisfy the subjective component of a deliberate indifference claim. Even if the Court assumes that Plaintiff had an objectively serious medical need, Plaintiff does not allege specific facts to show that Defendants had: (1) subjective knowledge of a risk of serious harm; (2) disregarded of that risk; and (3) by conduct that is more than mere negligence. *McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir. 1999). Plaintiff's conclusory allegations that he was not seen for "weeks and weeks and months and months" are belied by the record, and do not show that Plaintiff had a medical need of which the individual Defendants were subjectively aware, or ignored based on "more than gross negligence." *Townsend v. Jefferson County,* 601 F.3d 1152, 1158 (11th Cir. 2010).

Plaintiff was in fact seen in medical after his accident on September 13, 2011, November 8, 2011, and January 17. 2012. *See* section I, *supra*. As such, Plaintiff does not allege sufficiently specific facts to allow the Court to infer that one or more of the Defendants had subjective awareness of Plaintiff's objectively serious medical needs and that one or more of the Defendants had an objectively insufficient response to Plaintiff's serious medical needs. *See Farrow v. West*, 320 F.3d 1235, 1245–1246 (11th Cir. 2003). Therefore Defendant's Motion for Summary Judgment should be granted.

Plaintiff has also filed a Motion for Order to Show Cause which this court construes as a Motion to Appoint Counsel. The Court has already denied Plaintiff's other Motions to Appoint Counsel (Docs. 19, 26, 36, 71) and **RECOMMENDS** that Plaintiff's Motion (Doc. 95) be **DENIED**.

### III. CONCLUSION

Because Plaintiff fails to demonstrate any genuine issue of material fact concerning his remaining deliberate indifference claim, it is hereby **RECOMMENDED** that the Motion for Summary Judgment (Doc. 90) be **GRANTED**, and Plaintiff's Motion for Order to Show Cause (Doc. 95) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom the case is assigned **within fourteen (14) days** after being served with a copy thereof.

**SO RECOMMENDED**, the 10th day of December, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge